UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dekeo, Inc., | ) |
| and | ) Case No. |
| JiffyShirts.com, (US) L.P., | ) Judge |
| Plaintiffs, | ) |
| | ) Jury Trial Demanded |
| vs. | ) |
| Peter Brogno, | ) |
| Defendant. | ) |

## Complaint

For its complaint against defendant Peter Brogno, plaintiffs Dekeo, Inc. and JiffyShirts.com, (US) L.P. (collectively, "Jiffy") state:

## Summary of Case

1. Dekeo, Inc. employed Peter Brongo as a Senior Director of Customer Service from on or about September 9, 2024 until on or around May 6, 2025.

2. In this role, Brogno managed customer service for *Jiffy.com*, a popular online store operated by Jiffy that sells custom tee shirts and apparel, blank shirts and apparel, and related goods and services.

3. Both before and after his employment was terminated, Brogno illegally and without authorization from Jiffy accessed Jiffy's computer system to fraudulently issue unearned store credits and discounts to customer accounts that he owns, controls, or benefits from.

4. Brogno later used these accounts and the fraudulent store credits and discounts to purchase items on the *Jiffy.com* website.

37151932.1

5. Brogno also fraudulently misused his Jiffy-provided corporate credit card to purchase personal items for himself on the *Jiffy.com* website.

6. Through this scheme, Brogno has stolen over $25,000 of merchandise from Jiffy.

7. Plaintiffs now sue to get their money back and hold Brogno accountable.

## The Parties

8. Plaintiff Dekeo, Inc., is a Delaware corporation with a principal place of business in Delaware.

9. Plaintiff JiffyShirts.com, (US) L.P. is a Delaware limited partnership with a principal place of business in Delaware.

10. Defendant Peter Brogno is an individual who is a citizen and resident of Pennsylvania.

## Jurisdiction and Venue

11. This Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Although Jiffy sues over approximately $25,000 in stolen goods and services, due to the fraudulent aspect of Brogno's conduct and the nature of the civil claims asserted by Jiffy, Jiffy is entitled to recover punitive damages that place the amount in controversy well over the $75,000 diversity threshold. Among other things, Brogno's conduct is outrageous and punitive-worthy due to his evil motive and indifference to the rights of Jiffy by intentionally hacking into the Jiffy computer system after his termination to steal store credits and discounts to enrich himself and inflict injury on Jiffy as retaliation for terminating his employment.

12. This Court has personal jurisdiction over Brogno because he resides in Pennsylvania.

13. Venue is proper under 28 U.S.C. § 1391 because Brogno resides in Pennsylvania and in this district.

**Relevant Facts**

***Jiffy***

14. Jiffy owns and operates an online store at *Jiffy.com*, where it sells custom shirts (enabling customers to upload their own designs for printing), blank apparel (for customers to apply their own designs), and related goods and services.

15. Dekeo, Inc. employs individuals that work in connection with the *Jiffy.com* website and its business operations, including its prior employment of Brogno.

16. JiffyShirts.com, (US) L.P. operates the *Jiffy.com* website in the U.S.

***Brogno's Theft***

17. Brogno is a former Dekeo employee who held the title Senior Director, Customer Service.

18. Brogno's start date at Dekeo was on or about September 9, 2024.

19. As part of Brogno's job duties, Brogno had administrator access to the *Jiffy.com* computer system.

20. Dekeo terminated Brogno's employment, and his last day was on or around May 6, 2025.

21. Upon termination, all of Brogno's rights to access the *Jiffy.com* computer system terminated.

22. Jiffy later discovered that, after his termination, Brogno unlawfully gained administrator access to the *Jiffy.com* computer system from a remote location.

23. Among other things, Brogno used that unauthorized access to create discount codes (including one code providing a 65% discount on orders) and to issue unearned store credits to customer accounts that he owns, controls, and/or benefits from.

24. Brogno then ordered goods and services through the *Jiffy.com* website and used the fraudulent discount codes and fraudulent store credits to pay for the orders.

25. Brogno's scheme was further designed to, and did, cause the *Jiffy.com* website to apply "Bulk" discounts to the fraudulent orders, even though Brogno well knew that Jiffy intended such discounts to be applied only to legitimate orders in which Jiffy actually received cash or other valuable consideration equal to the price charged.

26. Jiffy also discovered that Brogno, while he was a Dekeo employee, used his corporate credit card for personal expenses, including personal orders placed through the *Jiffy.com* website.

27. Jiffy currently estimates that Brogno issued and used at least $6,264.85 in fraudulent store credits, $12,134.63 in fraudulent discounts, $4,941.83 in unearned bulk discounts, and $2,302.92 in unauthorized company credit card expenditures for personal orders on the *Jiffy.com* website, totaling over $25,644.23 in theft.

28. Upon information and belief, Brogno has resold some or all of the merchandise ordered on the *Jiffy.com* website and pocketed the earnings.

### Count One
*Conversion*

29. Jiffy incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

30. Brogno deprived Jiffy of its right to the funds that Brogno stole from Jiffy by fraudulently causing the *Jiffy.com* computer system to issue unearned store credits and discounts that he did not earn and that Jiffy did not authorize, and then using those unearned credits and discounts to pay for orders that Brogno placed through the *Jiffy.com* website in lieu of cash or other genuine consideration.

31. Brogno further committed conversion by using his corporate credit card, for which he was authorized only to make qualified business-related purchases in support of the company, to make personal purchases through the *Jiffy.com* website.

32. By doing so, Brogno deprived Jiffy of its right to the funds that the credit card applied to the Brogno orders.

## Count Two
*Fraud*

33. Jiffy incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

34. Brogno committed at least three fraudulent misrepresentations.

35. First, when Brogno logged into the Jiffy computer systems—after his employment was terminated and his permission to access those computer systems was revoked—he misrepresented to Jiffy and its computer systems that he was authorized to access those systems and issue the store credits and discounts.

36. Second, when Brogno entered commands in the *Jiffy.com* computer system to issue unearned store credits and discount codes to customer accounts—accounts that he owns, controls, or benefits—he misrepresented to Jiffy, and the computer systems on which Jiffy relies, that those store credits and discounts were valid and genuinely earned by those customer accounts.

37. Third, when Brogno used the fraudulent store credits and discount codes to pay for orders on the *Jiffy.com* website, he misrepresented to Jiffy and its computer ordering system that those store credits were valid, genuine, and properly earned by the customer, which they were not.

38. All of Brogno's misrepresentations were material to the transactions at hand.

39. Brogno made each of the misrepresentations with knowledge of their falsity.

40. Brogno made each of the misrepresentations with the intent of misleading Jiffy and its computer systems into relying upon them.

41. Jiffy and its computer systems did justifiably rely on the misrepresentations when it fulfilled the online orders placed by Brogno and accepted the fraudulent store credits and discount codes as payment.

42. Jiffy's justifiable reliance has injured Jiffy at least by delivering product for which Brogno did not pay cash or deliver any true consideration for the price charged by Jiffy and further by applying a "Bulk" discount to orders when Jiffy's intent is that such discounts only be applied to genuine orders where Jiffy is receiving cash or other true consideration for the price charged.

### Count Three
*Unjust Enrichment*

43. Jiffy incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

44. Brogno caused Jiffy to confer benefits upon him by fraudulently accessing its computer system, causing the system to issue unearned store credits and discounts to customer accounts that Brogno owns, controls, or benefits from, and then using those credits and discounts in lieu of payment to obtain goods and services from the *Jiffy.com* website.

45. Brogno appreciated and recognized such benefits.

46. Brogno accepted and retained these benefits under circumstances that would make it inequitable for him to retain the benefit without paying for it.

## **Prayer for Relief**

**WHEREFORE**, Jiffy prays for judgment against Brogno as follows:

(A)  Compensatory damages in an amount to be determined at trial.

(B)  An accounting and disgorgement of Brogno's ill-gotten profits.

(C)  Punitive damages.

(D)  Attorneys' fees and litigation expenses.

(E)  Pre-judgment and post-judgment interest.

(F)  Costs of the action.

(G)  Such other and further relief as allowed at law or in equity that the Court deems to be appropriate and to which Jiffy is entitled.

Dated:  November 18, 2025

s/Alexander R. Bilus
Alexander R. Bilus (PA 203680)
SAUL EWING LLP
Centre Square West
1500 Market St., 38th Floor
Philadelphia, PA 19102
t 215.972.7177 | f 215.972.4166
alexander.bilus@saul.com

and

Matthew J. Cavanagh (OH 0079522)
(*pro hac vice* application forthcoming)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Counsel for Plaintiffs*

## **Jury Demand**

Plaintiffs hereby demand a jury trial for all issues so triable.

Dated:   November 18, 2025

 s/ *Alexander R. Bilus*  
*Counsel for Plaintiffs*
