**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEKEO, INC, et al., | : |
| *Plaintiffs*, | : |
| v. | : Civil Action No. 2:25-CV-6500 |
| PETER BROGNO, | : |
| *Defendant*. | : |

## SECOND AMENDED COMPLAINT

Plaintiffs Dekeo, Inc. ("Dekeo") and Jiffyshirts.com (US), L.P. ("Jiffy") hereby file this Second Amended Complaint against Defendant Peter Brogno ("Brogno") and aver as follows:

## INTRODUCTION

1. During his tenure at Dekeo and Jiffy, Brogno was entrusted with access to Dekeo's corporate credit card and Jiffy's proprietary internal e-commerce platform, Kata. But unbeknownst to Plaintiffs, throughout Brogno's employment—and after he had been fired—Brogno had abused and misused his access to these company resources.

2. Indeed, both before and after he was fired, Brogno misused the Kata system to generate unauthorized coupon codes and credits, which he applied to place unauthorized orders for merchandise from Jiffy without paying.

3. Brogno also charged personal purchases to the Dekeo corporate credit card without Dekeo's authorization.

4. Brogno's conduct was not accidental or isolated, but part of a deliberate and ongoing scheme to exploit internal systems of Plaintiffs for personal gain.

5. Brogno's scheme cost Plaintiffs tens of thousands of dollars in damages.

6. In addition to the monetary damages to Plaintiffs, Brogno's unauthorized conduct violated: (1) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) Defend Trade Secrets Act, 18 U.S.C. § 1836; and the Pennsylvania Uniform Trade Secrets Act, 12 Pa.C.S. 5301.

## PARTIES

7. Plaintiff Dekeo, Inc. is a business corporation or other business entity, existing under the laws and regulations of Delaware with a principal place of business located at 200 Continental Drive, Newark, DE 19713.

8. Plaintiff JiffyShirts.com, (US) L.P. is a business corporation or other business entity, existing under the laws and regulations of Delaware with a principal place of business located at 1000 NW St., Wilmington, DE 19801.

9. Defendant Peter Brogno was employed by Dekeo and currently resides at 4022 Woodruff Rd., Lafayette Hill, PA.

## JURISDICTION AND VENUE

10. This action arises under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

11. This action also arises under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836.

12. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because the claims arise out of the same operative facts as Plaintiffs' CFAA and DTSA claims and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

13. Brogno is subject to personal jurisdiction in Pennsylvania because he is a citizen of Pennsylvania.

14. Venue is proper because Brogno resides in this judicial district.

## FACTUAL ALLEGATIONS

**A.     Brogno was employed by Dekeo.**

15. Jiffy owns and operates an online store at Jiffy.com, where it sells custom apparel (enabling customers to upload their own designs for printing), blank apparel (for customers to apply their own designs), and related goods and services.

16. Dekeo operates the Jiffy.com website in the United States and employs individuals that work in connection with the Jiffy.com website and its business operations.

17. Brogno was employed by Dekeo from on or about September 9, 2024 to on or about May 6, 2025 as a Senior Director of Customer Service.

18. In this role, he managed customer service for Jiffy.com.

19. As part of its business, Jiffy maintains and operates an internal e-commerce administration computer system, "Kata," to manage coupons, store credits, product pricing, product-related site content, limited user account functions, and online sales transactions.

20. As part of Brogno's job duties, he was granted access to Kata.

21. Dekeo terminated Brogno's employment effective on or about May 6, 2025.

22. On or about May 8, 2025, Brogno executed a formal separation agreement.

23. Upon termination, Dekeo immediately revoked all of Brogno's rights to access Kata, and any other internal Jiffy computer system or network.

**B.     Brogno accessed Jiffy's computer systems after he was terminated without authorization.**

24. Although Brogno was terminated, Brogno continued to access Kata remotely without Dekeo's authorization.

25. Brogno exploited this post-termination access and his knowledge of Kata to generate or acquire coupon codes to which he was not entitled and that Jiffy had not approved or authorized for his personal use or accounts.

26. For example, Brogno used the email address jiffytest1000@gmail.com, which was created on May 9, 2025, to generate the coupon code 7DN87FCHTB, which he then applied to multiple orders on Jiffy.com. He also used the jiffytest1000@gmail.com email to generate the unauthorized store credits.

27. Plaintiffs have determined that Brogno both controlled the jiffytest1000@gmail.com email address and is the individual responsible for creating and using that coupon code, based at least on the following:

    a. Multiple orders placed using fraudulent store credits and coupon codes generated by that email address were shipped to Brogno's home address at 4022 Woodruff Rd., Lafayette Hill, PA 19444; and

    b. The IP address used to access and create a coupon code via jiffytest1000@gmail.com matches the IP address associated with orders placed under the accounts islandrunnersoc@gmail.com and peter.brogno@jiffyshirts.com, both of which are used by Brogno as explained herein.

28. Brogno further exploited his unauthorized post-termination access and knowledge of Kata to generate or acquire unearned store credits to which he was not entitled and that Jiffy

had not approved or authorized for his personal use or accounts, which store credits he then applied to multiple orders on Jiffy.com.

29. Brogno used the jiffytest1000@gmail.com email to generate the unauthorized store credits.

30. Between June 25, 2025 and September 16, 2025, the jiffytest1000@gmail.com email generated over $4,000 in store credits, which credits were issued to islandrunnersoc@gmail.com.

31. Brogno's scheme was deliberately structured to trigger fraudulent "Bulk" and "Shipping" discounts and cash-back loyalty credits, despite Brogno's knowledge that Jiffy reserved and authorized such discounts and credits exclusively for legitimate orders where Jiffy receives actual payment or other valuable consideration from a genuine customer.

**C.  Brogno also misused Kata and Dekeo's corporate credit card while he was employed.**

32. Unbeknownst to Plaintiffs, while Brogno was still employed, he misused his access to Kata to generate or acquire coupon codes and store credits to which he was not entitled and that Jiffy had not approved or authorized for his personal use or accounts, thereby exceeding the scope of his permitted access.

33. During his employment with Dekeo, Brogno also improperly charged personal expenses to his corporate credit card, including personal orders placed via the Jiffy.com website, for which charges Dekeo paid.

34. Based on Plaintiffs' current estimate, Brogno generated and redeemed at least $5,773.14 in fraudulent store credits,1 $11,099.64 in fraudulent coupon discounts, $6,385.86 in

unearned bulk and shipping discounts, and $2,091.00 in unauthorized corporate credit card charges for personal Jiffy.com orders, resulting in total theft of at least $25,349.64.[1]

35. Brogno's fraudulent transactions fall into three categories: (a) fraudulent orders placed after Brogno was terminated using the islandrunnersoc@gmail.com email address; (b) fraudulent orders using other email addresses associate with Brogno, most of which were placed after Brogno's employment was terminated; and (c) fraudulent orders placed while Brogno was still employed using his peter.brogno@jiffyshirts.com email address, which includes misuse of the corporate credit card for personal expenses.

### i. Category 1 – Brogno placed fraudulent orders using the IslandRunnersOC@gmail.com account.

36. Between June 2, 2025, and September 16, 2025, Brogno placed 16 fraudulent orders on the Jiffy.com website using the islandrunnersoc@gmail.com account. More details about those orders are provided in Exhibit A, which is attached and incorporated herein.

37. Through those 16 orders, Brogno obtained approximately $15,477.03 in orders from Jiffy without paying any money by using various combinations of fraudulent store credits, coupons, bulk and shipping discounts, and cash-back loyalty credits, all of which were obtained without Jiffy's authorization as described above.

38. Plaintiffs have determined that Brogno used the islandrunnersoc@gmail.com to place the orders shown in Exhibit A at least because:

    a. The shipping address for orders placed using that account is Brogno's home address of 4022 Woodruff Road, Lafayette Hills, PA 19444; and

---

[1] Jiffy's investigation is ongoing, and this current estimate may increase if more fraudulent activity is uncovered, and Jiffy reverses its right to add to this estimate.

b. The IP address logged for orders placed using that email address match the IP address logged for orders placed using Brogno's peter.brogno@jiffyshirts.com work email address.

39.    "Island Runners OC" is a transportation service in Ocean City, New Jersey, that is owned by or associated with the Brogno family. This is evidenced by Brogno's wife Amanda Brogno recently advertising Island Runners OC on Facebook (see screenshot below), and explaining that "my family and I" grew up in Ocean City and started Island Runners OC to meet a need for easy transportation on the island.



40.     As shown in the screenshot below, some of the shirts and transfers ordered by Brogno through the islandrunnersoc@gmail.com account match the logo of the Island Runners OC flyer that was posted by Brogno's wife on Facebook.



Order No. 978037320
by islandrunnersoc@gmail.com

*ii.        Category 2 – Brogno placed fraudulent orders using other email accounts.*

41.     Between April 30, 2025, and May 14, 2025, Brogno placed six fraudulent orders on the Jiffy.com website using the amandatini@msn.com, dk@gmail.com, and 215simpsonave@gmail.com accounts. More details about those orders are provided in Exhibit B, which is attached and incorporated herein.

8

42. Through those six orders, Brogno obtained approximately $7,781.61 in orders from Jiffy without paying any money by using various combinations of fraudulent store credits, coupons, bulk and shipping discounts, and cash-back loyalty credits, all of which were obtained without Jiffy's authorization as described above.

43. Plaintiffs have determined that Brogno used the three email addresses to place the orders shown in Exhibit B at least because:

    a. The shipping address for orders placed using that account is Brogno's home address of 4022 Woodruff Road, Lafayette Hills, PA 19444; and

    b. The IP address logged for the orders placed using those three email addresses match the IP address logged for orders placed using the peter.brogno@jiffyshirts.com email address.

44. Additionally, Plaintiffs determined that the fraudulently obtained orders were, in fact, delivered to Brogno because Amanda Brogno posted on Facebook that her and Brogno's son were re-selling the t-shirts that Brogno ordered using the 215simpsonave@gmail.com and dk@gmail.com email addresses.

45. More specifically (and as shown in the screenshots below), using the 215simpsonave@gmail.com and dk@gmail.com emails, on May 5, 2025, Brogno ordered 60 "TRUIST Championship" transfer logos[2] for pressing onto blank shirts from Jiffy.com, and he ordered various sizes of blank t-shirts and polo shirts that the transfer logos were apparently pressed upon and resold by the Brogno family: Order Nos. 967967942 and 965876597. Through his fraudulent actions, Brogno paid nothing for these orders.

---

[2] The Truist Championship is a yearly PGA Golf Tour event. It is normally held in Charlotte, North Carolina, but was held near the Brognos' home at the Philadelphia Cricket Club in 2025.

46. Two days later, on May 7, 2025, Brogno's wife posted on Facebook photos of her and Brogno's son selling "TRUIST" golf shirts that look strikingly similar to the shirts and press-on logos that Brogno ordered on May 5, 2025.



Press-on Logo ordered by Brogno through 215simpsonave@gmail.com
(Order No. 965876597)



Adidas Blank White Polo ordered by Brogno through dk@gmail.com
(Order No. 967967942)



### iii. *Category 3 – Brogno placed fraudulent orders using the Dekeo corporate credit card.*

47. Between September 12, 2024, and April 7, 2025, Brogno placed 16 fraudulent orders on the Jiffy.com website using his peter.brogno@jiffyshirts.com email account. More details about those orders are provided in Exhibit C, which is attached and incorporated herein

48. Through those 16 orders, Brogno obtained approximately $3,724.15 in orders from Jiffy for his personal use without paying any money out of his pocket by using various combinations of coupons, bulk and shipping discounts, and his corporate credit card.

49. Because Dekeo issued Brogno a corporate credit card strictly for business expenses, his purchase of personal items via Jiffy.com, which Dekeo subsequently paid for, was unauthorized.

50. Although some coupon codes and store credits applied to Brogno's personal orders via his corporate credit card appear genuine, Plaintiffs continue their investigation and aver that the $2,091.00 in charges Brogno incurred are fraudulent and unauthorized. Plaintiffs reserve the

right to allege that some or all of the coupons, credits, and discounts used for the orders listed in Exhibit C were fraudulent and unauthorized, as its investigations continue and discovery proceeds.

**COUNT I**
**Violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030)**
**(Jiffy v. Brogno)**

51. Plaintiffs incorporate by reference the foregoing paragraphs of the Second Amended Complaint as if the same were set forth at length herein.

52. Kata is the proprietary internal e-commerce computer system that is protected by Jiffy, which includes coupon-generation logic, discount rules/algorithms, internal pricing controls, anti-fraud mechanisms, and backend architecture.

53. Kata is connected to the internet and is used in interstate commerce to conduct Jiffy's business.

54. Brogno, knowingly and with the intent to defraud Jiffy, accessed Kata without authorization or by exceeding such authorization as was granted by Jiffy.

55. Upon Brogno's termination, all authorization was unequivocally revoked, and any subsequent access constituted access without authorization.

56. For example, Brogno used the email address jiffytest1000@gmail.com to generate the coupon code 7DN87FCHTB, which he then applied to multiple orders on Jiffy.com. He also used the jiffytest1000@gmail.com account to generate the unauthorized store credits. Between June 25, 2025 and September 16, 2025, the jiffytest1000@gmail.com account generated over $4,000 in store credits, which credits were issued to and used by his islandrunnersoc@gmail.com account.

57. As a result of his unauthorized access of Kata, Brogno obtained information, caused damage, and furthered the intended fraud by generating or acquiring discount coupon codes and store credits and thereby obtaining merchandise from Jiffy without paying.

**COUNT II**
**Violations of the Defend Trade Secrets Act (18 U.S.C. § 1836)**
**(Jiffy v. Brogno)**

58. Plaintiffs incorporate by reference the foregoing paragraphs of the Second Amended Complaint as if the same were set forth at length herein.

59. Jiffy has taken reasonable measures to keep Kata, Jiffy's proprietary internal e-commerce computer system, a secret by strictly limiting access to certain authorized internal users.

60. Jiffy derives independent economic value from Kata being kept secret because it uses Kata to manage coupons, store credit, product pricing, and product-related site content, among other business functions.

61. The information contained in Kata is not readily ascertainable.

62. Others who cannot readily access Kata would obtain economic value from its disclosure or use, such as by copying Jiffy's strategies or manipulating Kata's discount or store credit functions to obtain valuable goods from Jiffy.

63. Kata is related to products and services used in interstate commerce because Jiffy uses Kata to manage pricing and content for its apparel and customization services.

64. Brogno misappropriated Kata by accessing and exploiting this access to generate and apply coupon codes and store credits without Jiffy's authorization.

65. For example, Brogno used the email address jiffytest1000@gmail.com to generate the coupon code 7DN87FCHTB, which he then applied to multiple orders on Jiffy.com. He also used the jiffytest1000@gmail.com account to generate the unauthorized store credits. Between

13

June 25, 2025 and September 16, 2025, the jiffytest1000@gmail.com account generated over $4,000 in store credits, which credits were issued to and used by his islandrunnersoc@gmail.com account.

**COUNT III**
**Violations of the Pennsylvania Uniform Trade Secrets Act (12 Pa.C.S. § 5301, et seq.)**
**(Jiffy v. Brogno)**

66. Plaintiffs incorporate by reference the foregoing paragraphs of the Second Amended Complaint as if the same were set forth at length herein.

67. The information contained within Kata is not known outside of Jiffy's business.

68. Jiffy invested substantial resources to develop, maintain, and guard the secrecy of the Kata.

69. Jiffy takes extensive measures to protect Kata by limiting access to internal authorized users and revoking access upon an employee's termination.

70. The information within Kata and its underlying structures, including but not limited to, coupon-generation mechanisms, discount authorization logic, internal pricing controls, and administrative functionalities is highly valuable to Jiffy.

71. The information contained in Kata and its underlying structures would be valuable to Jiffy's competitors.

72. Kata cannot be duplicated easily by competitors.

73. Brogno used his knowledge of Kata after his employment, when he knew or had reason to know that his knowledge was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

74. For example, Brogno used the email address jiffytest1000@gmail.com to generate the coupon code 7DN87FCHTB, which he then applied to multiple orders on Jiffy.com. He also used the jiffytest1000@gmail.com account to generate the unauthorized store credits Between June 25, 2025 and September 16, 2025, the jiffytest1000@gmail.com account generated over $4,000 in store credits, which credits were issued to and used by his islandrunnersoc@gmail.com account.

75. Brogno used his knowledge of Kata and misappropriated Kata without Jiffy's authorization or consent.

### COUNT IV
### Breach of Fiduciary Duty
### (Plaintiffs v. Brogno)

76. Plaintiffs incorporate by reference the foregoing paragraphs of the Second Amended Complaint as if the same were set forth at length herein.

77. As Dekeo's employee, Brogno owed Dekeo a duty of loyalty and care, including the obligation to act solely in the interests of Dekeo.

78. As an agent of Jiffy, Brogno owed Jiffy a duty of loyalty and care, including the obligation to act solely in the interests of Jiffy.

79. Brogno breached his duty to act in good faith and solely for Dekeo's benefit by intentionally misusing Dekeo's company credit card for personal expenses without authorization.

80. Brogno breached his duty to act in good faith and solely for Jiffy's benefit by intentionally exploiting his access to and knowledge of Kata to steal merchandise using unauthorized store credits, coupon codes, discounts, and company credit card transactions.

**COUNT V**
**Conversion**
**(Jiffy v. Brogno)**

81.    Jiffy incorporates by reference the foregoing paragraphs of the Second Amended Complaint as if the same were set forth at length herein.

82.    Brogno deprived Jiffy of its merchandise without paying any money by using various combinations of fraudulent store credits, coupons, bulk and shipping discounts, and cash-back loyalty credits, all of which were obtained without Jiffy's authorization.

83.    Brogno's actions were without Jiffy's consent.

84.    Brogno had no lawful justification for his actions.

85.    Jiffy had actual or constructive possession of the merchandise at the time Brogno converted the property.

**COUNT VI**
**Conversion**
**(Dekeo v. Brogno)**

86.    Dekeo incorporates by reference the foregoing paragraphs of the Second Amended Complaint as if the same were set forth at length herein.

87.    Brogno deprived Dekeo of money by using Dekeo's corporate credit card to pay for personal expenses without Dekeo's authorization.

88.    Brogno's actions were without Dekeo's consent.

89.    Brogno had no lawful justification for his actions.

90.    Dekeo had actual or constructive possession of the money at the time Brogno converted it.

**COUNT VII**
**<u>Trespass to Chattel</u>**
**(Jiffy v. Brogno)**

91.     Plaintiffs incorporate by reference all other allegations in this complaint as if fully rewritten herein.

92.     Jiffy possessed a chattel in the form of Kata.

93.     Brogno dispossessed Jiffy of Kata by obtaining unauthorized possession of it in order to generate discount codes and store credits, which he then applied to orders to obtain merchandise without paying.

94.     Brogno caused harm to Jiffy as a result of his unauthorized access and use of Kata, in which Jiffy had a legally protected interest.

**COUNT VIII**
**<u>Trespass to Chattel</u>**
**(Dekeo v. Brogno)**

95.     Plaintiffs incorporate by reference all other allegations in this complaint as if fully rewritten herein.

96.     Dekeo possessed a chattel in the form of its corporate credit card.

97.     Brogno dispossessed Dekeo of its corporate credit card for personal expenses.

98.     Brogno caused harm to Dekeo as a result of his unauthorized use of Dekeo's credit card, in which Dekeo had a legally protected interest.

**COUNT IX**
**<u>Fraudulent Inducement</u>**
**(Plaintiffs v. Brogno)**

99.     Plaintiffs incorporate by reference the foregoing paragraphs of the Second Amended Complaint as if the same were set forth at length herein.

17

100. Brogno engaged in fraud through at least three distinct categories of material misrepresentations, each made knowingly and with intent to deceive Jiffy.

101. First, after Dekeo terminated Brogno's employment and revoked his authorization to access Kata, Brogno nevertheless accessed those systems without permission.

102. By logging in and generating or obtaining store credits and coupons through Kata, Brogno falsely represented to Jiffy that he remained an authorized user entitled to access the system and to generate such credits and coupons.

103. These misrepresentations enabled Brogno to later redeem the unauthorized credits and coupons for personal orders on the Jiffy.com website.

104. Second, while still employed by Dekeo and authorized to access Kata for legitimate business purposes only, Brogno misused that access to generate or obtain unauthorized and unearned store credits and coupons.

105. By doing so through Kata, Brogno falsely represented to Jiffy that he was acting within the scope of his authorized duties and that the credits and coupons were validly issued for proper business reasons.

106. Third, when placing personal orders on the Jiffy.com website, Brogno applied combinations of the fraudulently obtained store credits, discount coupon codes, and payments via his Dekeo-issued corporate credit card.

107. In each instance, Brogno falsely represented to Jiffy and its ordering system that: (a) the store credits and coupons were valid, genuine, authorized, and properly earned; and (b) the

18

corporate credit card constituted legitimate payment by an authorized customer (rather than an unauthorized use of a company card for personal benefit, with charges ultimately borne by Dekeo).

108. The fraudulent order details, attached as Exhibits A-C, identify the dates when Brogno committed his fraudulent misrepresentations in ordering through the Jiffy.com website.

109. As to the misrepresentations made in generating or obtaining unauthorized store credits and coupons after Brogno's employment termination, those acts occurred on various dates between May 6, 2025 and September 16, 2025.

110. As to the misrepresentations involving the generation or acquisition of unauthorized discount coupon codes used in the orders, those acts occurred, upon information and belief, at various times from the start of Brogno's employment on or about September 9, 2024 through September 16, 2025.

111. As to the dates when Brogno committed his fraudulent misrepresentations in generating or obtaining the unearned and unauthorized coupons that Brogno used, upon information and belief, Brogno did so at various times from the time his employment began on or around September 9, 2024 until September 16, 2025.

112. Pinpoint dates and times for each discrete act of generating or obtaining unauthorized credits or coupons are not fully ascertainable at this stage because Brogno structured his conduct to evade detection; upon information and belief, he took deliberate steps to delete, alter, or suppress digital records of his access and actions; and Jiffy's computer systems, including Kata, do not have certain information available, or at least not available in a manner that Jiffy has

discovered, though Jiffy continues to investigate and hopes to recover additional evidence through discovery.

113. With respect to Dekeo, Brogno misrepresented that personal expenses charged to Dekeo's corporate credit card were business expenses, which representation was material because Brogno's corporate credit use was limited to business expenses.

114. All of Brogno's misrepresentations were material to the transactions at hand.

115. Brogno made each of the misrepresentations with knowledge of their falsity.

116. Brogno made each of the misrepresentations with the intent of misleading Jiffy and its computer systems into relying upon them.

117. Jiffy justifiably relied on these misrepresentations by fulfilling and shipping the orders, accepting the fraudulent credits and coupons as valid payment, and applying bulk and shipping discounts and issuing loyalty credits—all in the reasonable belief that the transactions were genuine, authorized, and supported by legitimate consideration.

118. Dekeo justifiably relied on Brogno's misrepresentation by paying for the personal expenses charged to Brogno's corporate credit card.

119. Jiffy's justifiable reliance has injured Jiffy in an amount to be determined at trial at least by delivering products for which Brogno did not pay cash or deliver any true consideration and further by applying bulk and shipping discounts and loyalty credits when Jiffy's intent and

limited authorization is that such discounts and credits only be applied or issued only for genuine orders where Jiffy is receiving cash or other true consideration.

120. Dekeo's justifiable reliance has injured Dekeo in an amount to be determined at trial by bearing the cost of Brogno's personal expenses charged to his corporate credit card.

## COUNT X
## <u>Unjust Enrichment</u>
### (Plaintiffs v. Brogno)

121. Plaintiffs incorporate by reference the foregoing paragraphs of the Second Amended Complaint as if the same were set forth at length herein.

122. Brogno caused Jiffy to confer benefits upon him, including (without limitation) merchandise shipped by Jiffy in response to Brogno's fraudulent orders, as detailed above, and issuing shipping and bulk discounts and loyalty credits that Brogno did not genuinely earn or obtain.

123. Brogno appreciated and recognized such benefits conferred by Jiffy.

124. Brogno caused Dekeo to confer benefits upon in the form of paying for personal expenses charged to Brogno's corporate credit card.

125. Brogno appreciated and recognized such benefits conferred by Dekeo.

126. Brogno accepted and retained these benefits under circumstances that would make it inequitable for him to retain the benefit without paying for it.

### <u>Prayer for Relief</u>

**WHEREFORE**, Plaintiffs respectfully request that this Court award the following relief:

    A. Compensatory damages in an amount to be determined at trial;

    B. An accounting and disgorgement of Brogno's ill-gotten profits;

    C. Punitive damages;

D. Attorneys' fees and litigation expenses;

E. Pre-judgment and post-judgment interest;

F. Costs of the action; and

G. Such other and further relief as allowed at law or in equity that the Court deems to be appropriate and to which Plaintiffs are entitled.

## **Jury Demand**

Plaintiffs herein demand a jury on issues so triable.

**KLEINBARD LLC**

Dated: April 2, 2026

/s/ Mark E. Seiberling
Mark E. Seiberling, Esquire (No. 91256)
Miranda L. Dang, Esquire (No. 330908)
Patrick Feeney, Esquire (No. 334125)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email: mseiberling@kleinbard.com
mdang@kleinbard.com
pfeeney@kleinbard.com

*Counsel for Plaintiffs Dekeo Inc. and Jiffyshirts.com (US), L.P.*

# EXHIBIT A

| | Order No. | Date | Total | Coupon | Coupon Code | Store Credits[1] | Bulk Discount | Tax | Shipping | Shipping Discount | Total paid | Email |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Fraudulent orders using islandrunnersoc@gmail.com after termination of Peter Brogno** | | | | | | | | | | | | |
| | 1019986603 | 9/7/2025 | $1,684.80 | $837.49 | 7DN87FCHTB | $450.95 | $396.36 | | $31.85 | $31.85 | $0.00 | islandrunnersoc@gmail.com |
| | 1020221372 | 9/16/2025 | $1,842.82 | $1,028.32 | 7DN87FCHTB | $556.75 | $260.79 | $3.04 | $20.90 | $20.90 | $0.00 | islandrunnersoc@gmail.com |
| | 1019002483 | 9/7/2025 | $1,583.91 | $917.46 | 7DN87FCHTB | $494.02 | $172.43 | | $19.90 | $19.90 | $0.00 | islandrunnersoc@gmail.com |
| | 1018332004 | 9/6/2025 | $2,132.43 | $672.86 | 7DN87FCHTB | $362.31 | $1,097.26 | | $11.95 | $11.95 | $0.00 | islandrunnersoc@gmail.com |
| | 1015760735 | 9/5/2025 | $247.50 | $147.69 | 7DN87FCHTB | $82.43 | $20.28 | $2.90 | $9.95 | $9.95 | $0.00 | islandrunnersoc@gmail.com |
| | 1015292802 | 8/31/2025 | $482.91 | $159.64 | 6PVLQRDW2F | $109.38 | $216.86 | $2.97 | $21.90 | $21.90 | $0.00 | islandrunnersoc@gmail.com |
| | 1012036035 | 8/30/2025 | $802.41 | $434.15 | 6PVLQRDW2F | $289.41 | $78.85 | | $29.85 | $29.85 | $0.00 | islandrunnersoc@gmail.com |
| | 1008622114 | 8/24/2025 | $2,637.88 | $768.33 | 6PVLQRDW2F | $512.23 | $1,357.32 | | $11.95 | $11.95 | $0.00 | islandrunnersoc@gmail.com |
| | 1008567507 | 8/15/2025 | $754.40 | $257.10 | 6PVLQRDW2F | $171.38 | $325.92 | | $11.95 | $11.95 | $0.00 | islandrunnersoc@gmail.com |
| | 1006662643 | 8/15/2025 | $920.38 | $340.47 | 6PVLQRDW2F | $226.94 | $352.97 | | $11.95 | $11.95 | $0.00 | islandrunnersoc@gmail.com |
| | 1006509742 | 8/11/2025 | $117.76 | $54.52 | 6PVLQRDW2F | $36.36 | $26.88 | | $11.95 | $11.95 | $0.00 | islandrunnersoc@gmail.com |
| | 996686023 | 8/11/2025 | $117.76 | $54.52 | 6PVLQRDW2F | $36.36 | $26.88 | | $11.95 | $11.95 | $0.00 | islandrunnersoc@gmail.com |
| | 987328447 | 7/18/2025 | $211.10 | $64.89 | 6PVLQRDW2F | $46.13 | $102.95 | $2.87 | $9.95 | $9.95 | $0.00 | islandrunnersoc@gmail.com |
| | 986206690 | 6/29/2025 | $41.10 | $8.64 | SB945R6JYV / STICKERS30 | $32.10 | $12.30 | $1.99 | $9.95 | $0.00 | $0.00 | islandrunnersoc@gmail.com |
| | 978037320 | 6/26/2025 | $814.68 | $318.29 | 6PVLQRDW2F | $212.19 | $284.20 | | $11.95 | $11.95 | $0.00 | islandrunnersoc@gmail.com |
| | 977128911 | 6/2/2025 | $799.22 | $353.80 | 6PVLQRDW2F | $238.29 | $209.58 | $2.45 | $31.85 | $31.85 | $0.00 | islandrunnersoc@gmail.com |
| | **TOTALS** | | **$15,191.06** | **$6,418.17** | | **$3,857.23** | **$4,941.83** | **$16.22** | **$269.75** | **$259.80** | **$0.00** | |
| **Fraudulent Coupons** | $6,418.17 | | | | | | | | | | | |
| **Fraudulent Credits** | $3,857.23 | | | | | | | | | | | |
| **Bulk Discounts** | $4,941.83 | | | | | | | | | | | |
| **Shipping Discounts** | $259.80 | | | | | | | | | | | |
| **Total Amount of Credits** | **$15,477.03** | | | | | | | | | | | |
| | | | | | | | | | | | | |

[1] "Store Credits" includes cash-back loyalty credits that were fraudulently obtained, as explained in the complaint. However, the cash-back credits only constitute a small portion of the Store Credits.

The remainder of fraudulent store credits were fraudulently generated by Brogno using the jiffy1000test@gmail.com email address.

# EXHIBIT B

| | Order No. | Date | Total | Coupon | Coupon Code | Store Credits[1] | Bulk Discount | Tax | Shipping | Shipping Discount | Total paid | Email |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Fraudulent orders using other email accounts** | | | | | | | | | | | | |
| | 944082273 | 5/14/2025 | $290.89 | $136.70 | 6PVLQRDW2F | $93.13 | $63.05 | $1.99 | $19.90 | $19.90 | $0.00 | amandatini@msn.com |
| | 968805044 | 5/8/2025 | $1,639.20 | $919.15 | 6PVLQRDW2F | $612.77 | $107.28 | $0.00 | $9.95 | $9.95 | $0.00 | dk@gmail.com |
| | 968523239 | 5/7/2025 | $203.46 | $117.59 | 6PVLQRDW2F | $88.34 | $7.48 | $0.00 | $9.95 | | $0.00 | 215simpsonave@gmail.com |
| | 967967942 | 5/5/2025 | $3,192.94 | $2,516.74 | BHL446ZWR5 | $444.14 | $232.06 | $0.00 | $9.95 | $9.95 | $0.00 | dk@gmail.com |
| | 965876597 | 5/5/2025 | $689.60 | $227.81 | 6PVLQRDW2F | $423.04 | $38.75 | 0 | $19.90 | $19.90 | $0.00 | 215simpsonave@gmail.com |
| | 925607132 | 4/30/2025 | $1,681.93 | $763.48 | SYSTEM[2] | $254.49 | $663.96 | $0.00 | $11.95 | $11.95 | $0.00 | dk@gmail.com |
| | **TOTALS** | | **$7,698.02** | **$4,681.47** | | **$1,915.91** | **$1,112.58** | **$1.99** | **$81.60** | **$71.65** | **$0.00** | |
| **Fraudulent Coupons** | $4,681.47 | | | | | | | | | | | |
| **Fraudulent Credits** | $1,915.91 | | | | | | | | | | | |
| **Bulk Discounts** | $1,112.58 | | | | | | | | | | | |
| **Shipping Discounts** | $71.65 | | | | | | | | | | | |
| **Total Amount of Credits** | **$7,781.61** | | | | | | | | | | | |

[1] "Store Credits" includes cash-back loyalty credits that were fraudulently obtained, as explained in the complaint. However, the cash-back credits only constitute a small portion of the Store Credits.

   The remainder of fraudulent store credits were fraudulently generated by Brogno using the jiffy1000test@gmail.com email address.

[2] The "SYSTEM" Coupon Code was a customer review coupon for a different customer and not authorized for Brogno, which Brogno stole for his own use

# EXHIBIT C

| | Order No. | Date | Total | Coupon | Coupon Code | Store Credits[1] | Bulk Discount | Tax | Shipping | Shipping Discount | Total paid | Email | Unauthorized/Fraudulent Credit Card Charges |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Misuse of corporate credit card by Brogno on personal items while employed** | | | | | | | | | | | | | |
| | 951084745 | 4/7/2025 | $436.78 | $302.74 | WZ3RGPBC26 | $0.00 | $33.21 | $0.63 | $29.85 | $29.85 | $0.00 | peter.brogno@jiffyshirts.com | $101.46 |
| | 941157101 | 3/21/2025 | $119.40 | $70.08 | SCTWKRQDPW | $0.00 | $2.58 | $0.12 | $9.95 | $0.00 | $0.00 | peter.brogno@jiffyshirts.com | $56.81 |
| | 938319759 | 2/19/2025 | $286.02 | $116.74 | BK9SGX2SH4 | $0.00 | $42.82 | $0.00 | $19.90 | $19.90 | $0.00 | peter.brogno@jiffyshirts.com | $126.46 |
| | 932453007 | 2/13/2025 | $38.22 | $0.00 | | $0.00 | $0.00 | $0.00 | $9.95 | $0.00 | $0.00 | peter.brogno@jiffyshirts.com | $48.17 |
| | 930593991 | 2/2/2025 | $664.58 | $330.21 | 64YKZSG3QT | $0.00 | $114.23 | $1.00 | $19.90 | $19.90 | $0.00 | peter.brogno@jiffyshirts.com | $221.14 |
| | 929240581 | 1/30/2025 | $201.40 | $45.14 | LX6X5B5SPX | $3.02 | $20.96 | $0.00 | $19.90 | $19.90 | $0.00 | peter.brogno@jiffyshirts.com | $132.28 |
| | 907179609 | 1/21/2025 | $320.67 | $0.00 | | $207.83 | $33.92 | $0.00 | $19.90 | $19.90 | $0.00 | peter.brogno@jiffyshirts.com | $78.92 |
| | 905223718 | 12/22/2024 | $384.02 | $2.50 | "Sales Discount" | $0.00 | $42.33 | $5.21 | $19.90 | $19.90 | $0.00 | peter.brogno@jiffyshirts.com | $344.40 |
| | 903583535 | 12/18/2024 | $93.78 | $1.00 | "Sales Discount" | $1.07 | $4.20 | $0.94 | $7.95 | $7.95 | $0.00 | peter.brogno@jiffyshirts.com | $88.45 |
| | 882827187 | 11/7/2024 | $270.15 | $0.00 | | $0.00 | $21.87 | $0.25 | $19.90 | $19.90 | $0.00 | peter.brogno@jiffyshirts.com | $248.53 |
| | 881285992 | 11/5/2024 | $157.17 | $0.00 | | $0.00 | $12.32 | $0.00 | $19.90 | $19.90 | $0.00 | peter.brogno@jiffyshirts.com | $144.85 |
| | 875623080 | 11/2/2024 | $94.05 | $0.00 | | $0.00 | $0.30 | $0.31 | $9.95 | $0.00 | $0.00 | peter.brogno@jiffyshirts.com | $104.01 |
| | 866323380 | 10/22/2024 | $195.45 | $0.00 | | $0.00 | $5.15 | $0.71 | $9.95 | $0.00 | $0.00 | peter.brogno@jiffyshirts.com | $200.96 |
| | 857634623 | 10/3/2024 | $115.07 | $0.00 | | | $25.61 | $0.00 | $19.90 | $19.90 | $0.00 | peter.brogno@jiffyshirts.com | $89.46 |
| | 855692293 | 9/12/2024 | $91.58 | $0.00 | | $0.00 | $0.00 | $0.00 | $9.95 | $0.00 | $0.00 | peter.brogno@jiffyshirts.com | $101.53 |
| | 854067531 | 9/12/2024 | $255.81 | $23.50 | DTF20 | $200.00 | $35.71 | $6.97 | $19.90 | $19.90 | $0.00 | peter.brogno@jiffyshirts.com | $3.57 |
| **TOTALS** | | | **$3,724.15** | **$891.91** | | **$411.92** | **$395.21** | **$16.14** | **$266.65** | **$216.90** | **$0.00** | | **$2,091.00** |

[1] "Store Credits" includes cash-back loyalty credits that were fraudulently obtained, as explained in the complaint. However, the cash-back credits only constitute a small portion of the Store Credits.

**CERTIFICATE OF SERVICE**

I, Mark E. Seiberling, hereby certify that on this 2nd day of April 2026, I served a copy of

the foregoing Motion for Leave to File Second Amended Complaint, with accompanying

Memorandum of Law and Exhibit A, on counsel for Defendant by the Court's ECF system.

**KLEINBARD LLC**

/s/ Mark E. Seiberling
Mark E. Seiberling, Esquire (No. 91256)
Miranda L. Dang, Esquire (No. 330908)
Patrick Feeney, Esquire (No. 334125)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email: mseiberling@kleinbard.com
mdang@kleinbard.com
pfeeney@kleinbard.com

*Counsel for Plaintiffs Dekeo Inc. and
Jiffyshirts.com (US), L.P.*