UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEKEO, INC. et al.,** | **:** | |
| | **:** | |
| **Plaintiffs,** | **:** | |
| | **:** | **CIVIL ACTION NO. 25-cv-6500** |
| **v.** | **:** | |
| | **:** | |
| **PETER BRONGO,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**DEFENDANT PETER BROGNO'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

**I.    INTRODUCTION**

On May 6, 2026, Defendant Peter Brogno was contacted by a detective from Whitemarsh Township, Montgomery County, Pennsylvania, who informed Mr. Brogno that there is an active criminal investigation of Mr. Brogno, prompted by Plaintiffs, for the same conduct alleged in Plaintiffs' Second Amended Complaint, presenting the paradigmatic situation in which a stay of civil proceedings is warranted to protect a defendant's Fifth Amendment rights.

Plaintiffs accused Defendant of engaging in a deliberate scheme to misappropriate property—specifically, by allegedly generating unauthorized credits and discounts, exploiting internal systems, and making improper use of a corporate credit card. Those same allegations are the subject of an ongoing criminal investigation against Defendant in Whitemarsh Township. Indeed, the detective represented that their investigation was prompted by Plaintiffs and that they had been in contact with Plaintiffs' lawyers.

Allowing this civil case to proceed would force Mr. Brogno into an unconstitutional dilemma: either (1) waive his Fifth Amendment privilege and provide information and sworn testimony that may later be used against him in a criminal prosecution, or (2) invoke that privilege

and suffer adverse inferences that would severely prejudice his ability to defend himself in this action. Courts in the Third Circuit recognize that such a dilemma justifies exercising judicial discretion to stay civil proceedings. Because the civil and criminal matters arise from identical facts and implicate identical issues of intent, authorization, and knowledge, the balance of all relevant factors decisively favors a stay here.

## II.     ARGUMENT

### A.     <u>Standard for a Stay.</u>

While a civil defendant generally does not "have a due process right to stay proceedings in related civil actions," courts issue a stay if "the interests of justice require it." *Dennis v. City of Philadelphia*, 603 F. Supp. 3d 214, 219 (E.D. Pa. 2022) (*quoting Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 55 (E.D. Pa. 1980) and *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998)). Courts consider six factors to determine whether a stay would be appropriate because of a parallel criminal matter:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Id*. (*quoting Walsh Sec.*, 7 F. Supp. at 527 and *citing Thorpe v. City of Philadelphia*, No. 19-5094, 2022 WL 991379, at *2 (E.D. Pa. Apr. 1, 2022)). In addition, the Third Circuit has emphasized that courts must carefully balance the competing interests where invocation of the Fifth Amendment is implicated, recognizing that a defendant's assertion of the privilege in civil litigation is "constitutionally based" and carries significant consequences. *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190–92 (3d Cir. 1994).

2

### 1.    The Civil and Criminal Matters Substantially Overlap.

The degree of overlap between the civil and criminal matters is "the most important issue at the threshold" in determining whether a stay is warranted. *Walsh Sec.*, 7 F. Supp. at 527. Here, there is complete overlap between the civil and criminal matters. Indeed, the detective who contacted Defendant seemed to be reading from Plaintiffs' Second Amended Complaint and represented that the investigation was prompted by outreach from Plaintiffs' lawyers.[1] It seems there is no daylight between the civil and criminal matters.

Moreover, Plaintiffs' claims are premised entirely on allegations that Mr. Brogno allegedly engaged in a coordinated scheme to obtain property through unauthorized and fraudulent means. Plaintiffs contend that he:

- Generated and applied unauthorized coupon codes and store credits;

- Used internal systems (the "Kata" platform) beyond authorized scope;

- Obtained merchandise without payment; and

- Charged personal purchases to a corporate credit card without authorization.

These are not generic civil allegations—they mirror the factual elements of criminal offenses involving theft, fraud, and unlawful access. The same alleged transactions, accounts, internal systems, and intent form the basis of both the civil action and the parallel criminal investigation.

Critically, Plaintiffs themselves characterize the alleged conduct as a "deliberate and ongoing scheme" carried out "knowingly and with intent to defraud." Those issues—intent, knowledge, authorization, and control—are central to any criminal investigation. As a result, any information provided by Mr. Brogno in this civil case would directly bear on the very same elements the government would seek to establish.

---

[1] The detective did not identify the lawyers he communicated with.

Because the overlap between this case and the criminal investigation is complete—not partial—this factor strongly favors a stay.

### 2. The Court Should Stay this Case Even Though Defendant Has Not Been Charged Yet.

While "[t]he strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned," . . . "each case must be evaluated individually." *Walsh Sec.*, 7 F. Supp. at 527. This Court can stay this case before any criminal charges "if the Government is conducting an active criminal investigation." *Id*. Another basis to stay the case before charges is when the defendant, like Mr. Brogno here, has been informed that he is the target of the criminal investigation. *Id*.

Just like in *Walsh Sec.*, Defendant has not yet been charged, but there is an active criminal investigation of the exact same allegations contained in Plaintiffs' Second Amended Complaint, and Defendant has been informed by the detective that he is the target of the investigation. As such, this factor also weighs in favor of a stay.

### 3. Plaintiffs Will Not Suffer Undue Prejudice from a Stay.

Any prejudice to Plaintiffs from a stay is minimal at best, not undue. First, the alleged conduct is entirely historical. Plaintiffs' claims arise from completed transactions and internal system activity that has already been recorded. Second, Plaintiffs seem to rely heavily on documentary and electronic evidence, including order histories, system logs, email accounts, IP address data, and internal investigative findings (if any). This evidence must be preserved by and in Plaintiffs' control. There is no risk of loss or degradation of proof. Third, any delay can be mitigated through reasonable measures, such as periodic status reports and a stay limited to the duration of the criminal matter.

A delay in the resolution of a civil case, "even years" of delay, is not undue prejudice. *Walsh Sec.*, 7 F. Supp. at 528. "Delays in civil cases are fairly common," and Plaintiffs "have asserted no injury that is particularly unique." *Id*. Importantly, Plaintiffs are "protected from monetary harm caused by the delay by [their] ability to obtain interest" in the event they ultimately obtain a civil judgment. *Id*. Moreover, Plaintiffs have given no indication that they are in any rush here. For example, Plaintiffs are on their third complaint, which was filed only after they benefited from a stay so they could replace their attorneys. As such, this factor also weighs heavily in favor of a stay.

### 4.      The Burden on Defendant Is Severe and Dispositive.

The burden on Mr. Brogno is not merely substantial—it is fundamentally incompatible with fair litigation. Plaintiffs' claims are fact-intensive and transaction-specific. Defending them will potentially require Mr. Brogno to provide information concerning dozens of alleged transactions; address the origin and use of coupon codes, credits, and accounts; address IP address associations, account ownership, and delivery records; and testify regarding alleged knowledge and intent behind each act. These issues go directly to the conduct under criminal investigation. There is no practical way for Mr. Brogno to defend this case without providing testimony that could later be used against him, as the structure of Plaintiffs' claims and their referral to the detective ensures that nearly any meaningful defense will implicate criminal exposure.[2]

At the same time, invoking the Fifth Amendment in this civil action would severely impair Mr. Brogno's defense, potentially allowing Plaintiffs to seek adverse evidentiary rulings or

---

[2] This should come as no surprise to Plaintiffs given they fed the case to the police, according to the detective who contacted Defendant.

dispositive relief. This is precisely the untenable choice courts seek to avoid. The burden on Defendant therefore weighs heavily—and decisively—in favor of a stay.

### 5.    The Interests of the Court and Public Strongly Favor a Stay.

A stay will also promote judicial efficiency and serve the public interest. Proceeding with a civil matter that is identical in all material respects with an ongoing criminal investigation creates the risk of duplicative proceedings, inconsistent factual determinations, and strategic use of civil discovery to circumvent criminal discovery limitations. Indeed, here we already have a strong reason to believe that the Plaintiffs are coordinating with the authorities conducting the criminal investigation. By contrast, resolution of the criminal matter may significantly streamline this case by narrowing issues, clarifying facts, or resolving key disputes. The public also has a compelling interest in ensuring that constitutional protections—particularly the privilege against self-incrimination—are fully respected. Allowing civil litigation to proceed in a manner that pressures a defendant to waive those rights undermines confidence in the fairness of the judicial process.

## III.     CONCLUSION

Because proceeding in this case would force Defendant to choose between waiving his Fifth Amendment rights and effectively forfeiting his civil defense, the balance of all relevant factors strongly favors a stay. Accordingly, Defendant respectfully requests that the Court stay this action in its entirety pending resolution of the parallel criminal investigation; or, in the alternative, stay all discovery directed to Defendant; and grant such other relief as the Court deems just and proper.[3]

Respectfully submitted,

**WISLER PEARLSTINE, LLP**

*/s/ Brian R. Elias*
**BRIAN R. ELIAS, ESQUIRE**

*Attorneys for Defendant*

---

[3] Defendant's counsel requested that Plaintiffs consent to this request. Plaintiffs did not consent. According to Plaintiffs' counsel: "The pending civil proceedings involve issues and remedies that are distinct from any alleged criminal investigation and, most importantly, to our knowledge, no criminal charges have been filed against Mr. Brogno.  Accordingly, there is no basis to delay the civil case, and our clients are determined to move forward without interruption to protect their rights." Defendant submits that this response is, inter alia, inconsistent with the contact between the detective and Plaintiffs/Plaintiffs' counsel that the detective reported to Defendant.