**UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DEKEO, INC. et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | **CIVIL ACTION NO. 25-cv-6500** |
| **v.** : | |
| : | |
| **PETER BRONGO,** : | |
| : | |
| **Defendant.** : | |

**DEFENDANT PETER BROGNO'S MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

**I.      BACKGROUND**

As described in Defendant's Motion to Stay Proceedings [ECF 37], which is incorporated herein by reference, on May 6, 2026, Defendant Peter Brogno was contacted by a detective from Whitemarsh Township, Montgomery County, Pennsylvania, who informed Mr. Brogno that there is an active criminal investigation of Mr. Brogno, prompted by Plaintiffs, for the same conduct alleged in Plaintiffs' Second Amended Complaint. On May 8, 2026, this Court signed an Order [ECF 38][1] directing Plaintiffs to respond to the motion to stay within 21 days, i.e., May 29, 2026. Pursuant to the April 24, 2026, Stipulation and Order for Extension of Time [ECF 36], which was submitted to and entered by the Court before Defendant was made aware of the criminal investigation, Defendant's deadline to answer, move, or otherwise respond to the Second Amended Complaint is May 15, 2026. For the reasons set forth in the motion to stay, Defendant respectfully requests that this matter be stayed, including Defendant's obligation to respond to the Second Amended Complaint.

---

[1] The Order was docketed on May 11, 2026.

## II.    ARGUMENT

Under the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, ***for good cause***, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." FED.R.CIV.P. 6(b)(1)(A) (emphasis added). Defendant submits that good cause exists in this case because Defendant is under criminal investigation for the same allegations pleaded in the Second Amended Complaint. Indeed, the Whitemarsh Township detective represented that their investigation was prompted by Plaintiffs and that they had been in contact with Plaintiffs' lawyers, and the detective seemed to be reading from the Second Amended Complaint.

As set forth in the motion to stay, a ***defendant's assertion of the privilege in civil litigation is "constitutionally based" and carries significant consequences***. *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190–92 (3d Cir. 1994) (emphasis added). Here, defending this civil action, including responding to the Second Amended Complaint, will require Mr. Brogno to provide information concerning dozens of alleged transactions; address the origin and use of coupon codes, credits, and accounts; address IP address associations, account ownership, and delivery records; and provide information regarding alleged knowledge and intent behind each act. These fact-intensive issues go directly to the conduct under criminal investigation.

There is no practical way for Mr. Brogno to defend this case without providing information that could later be used against him, as the structure of Plaintiffs' claims and their referral to the criminal authorities ensures that nearly any meaningful defense will implicate criminal exposure. The burden on Mr. Brogno, if compelled to litigate this civil case during a parallel criminal investigation, would not be merely substantial—it would be fundamentally incompatible with fair litigation. At the same time, invoking the Fifth Amendment in this civil action would severely

2

impair Mr. Brogno's defense, potentially allowing Plaintiffs to seek adverse evidentiary rulings or dispositive relief. This is precisely the untenable choice courts seek to avoid.

As set forth in the motion to stay, an extension of the deadline to respond to the Second Amended Complaint will not cause any undue prejudice to Plaintiffs. All of the evidence that Plaintiffs need to support their case must already be preserved by and in Plaintiffs' control. There is no risk of loss or degradation of proof. And a delay in the resolution of a civil case, "even years" of delay, is not undue prejudice. *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 528 (D.N.J. 1998)) "Delays in civil cases are fairly common," and Plaintiffs "have asserted no injury that is particularly unique." *Id*. Importantly, Plaintiffs are "protected from monetary harm caused by the delay by [their] ability to obtain interest" in the event they ultimately obtain a civil judgment. *Id*. Moreover, Plaintiffs have given no indication that they are in any rush here. For example, Plaintiffs are on their third complaint, which was filed only after they benefited from a stay so they could replace their attorneys.

## III.    CONCLUSION

Because proceeding in this case would force Defendant to choose between waiving his Fifth Amendment rights and effectively forfeiting his civil defense, the balance of all relevant standards and factors strongly favors an extension of the deadline for Defendant to respond to the Second Amended Complaint until after this Court rules on the motion to stay. Accordingly, Defendant respectfully requests that the Court extend the deadline.

Respectfully submitted,

**WISLER PEARLSTINE, LLP**

*/s/ Brian R. Elias*
**BRIAN R. ELIAS, ESQUIRE**

*Attorneys for Defendant*

3