**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DEKEO, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 2:25-CV-6500 |
| | : | |
| v. | : | |
| | : | |
| PETER BROGNO, | : | |
| | : | |
| Defendant, | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2026, upon consideration of Defendant's

Motion to Stay Proceedings (the "Motion") and Plaintiffs' response in opposition thereto, it is

hereby **ORDERED** that said Motion is **DENIED**.

**BY THE COURT:**

_____
HON. MIA R. PEREZ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DEKEO, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 2:25-CV-6500 |
| | : | |
| v. | : | |
| | : | |
| PETER BROGNO, | : | |
| | : | |
| Defendant, | : | |
| | : | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Plaintiffs Dekeo, Inc. and Jiffyshirts.com (US), L.P., by and through their undersigned counsel, respectfully submit this memorandum in opposition to Defendant Peter Brogno's Motion to Stay Proceedings.

## I.    INTRODUCTION:

Defendant Peter Brogno ("Defendant") seeks the extraordinary remedy of staying this civil action indefinitely based solely on his claim that a detective contacted him regarding a purported criminal investigation. No criminal charges have been filed. No indictment exists. Defendant has not identified any subpoena, warrant, grand jury proceeding, or prosecutorial action. Instead, Defendant asks this Court to halt Plaintiffs' efforts to recover for extensive fraud and misconduct based on speculation that criminal charges may someday materialize.

Courts in this Circuit routinely deny motions to stay under these circumstances. The mere existence of a criminal investigation—particularly one in its earliest and undefined stages—is insufficient to justify stopping a civil case. Otherwise, any civil defendant could effectively

1

suspend litigation indefinitely simply by asserting that law enforcement expressed interest in the allegations.

The relevant factors overwhelmingly favor denial of Defendant's Motion. The criminal proceeding Defendant describes is hypothetical and undefined; the risk of self-incrimination is speculative and remote; Plaintiffs will be prejudiced by indefinite delay; and any legitimate Fifth Amendment concerns can be addressed through narrower, case-specific protections if and when they actually arise during discovery.

Accordingly, Defendant's Motion should be denied.

## II.    ARGUMENT:

A stay is an extraordinary remedy that Defendant bears a heavy burden to obtain. Although district courts have "broad discretion to stay proceedings," "[t]he Constitution … does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Fox v. Lacka. Cnty.*, No. 3:16-CV-1511, 2018 WL 1203363, at *2 (M.D. Pa. Mar. 8, 2018) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)). Such a stay "is an extraordinary remedy," and the movant "bears the burden of establishing its necessity." *Soroush v. Ali*, No. 09-3703, 2009 WL 3467897, at *1 (E.D. Pa. 2009) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994)).

Six factors inform a court's determination whether a stay is necessary:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Dennis v. City of Philadelphia*, 603 F. Supp. 3d 214, 219 (E.D. Pa. 2022) (quoting *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 526–27 (D.N.J. 1998)). Each factor weighs against a stay here.

### A. The Civil Claims Extend Beyond Any Potential Criminal Issues.

Defendant repeatedly asserts there is "complete overlap" between this civil case and the alleged criminal investigation. (Doc. 37-1 at 3). That is incorrect.

At this stage, the issues raised by any criminal proceeding are hypothetical. Absent the initiation of formal criminal proceedings, the degree of overlap between these proceedings and the criminal investigation is difficult to assess. *See Andrews v. JPA R/E Assocs.*, *L.P.*, No. 24-2371, 2024 WL 7006527, at *2 (E.D. Pa. Oct. 28, 2024) (concluding that this factor weighed against a stay where no indictment had been filed); *Soroush*, 2009 WL 3467897, at *2 (same); *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. 01-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) (same).

Defendant infers that "there is complete overlap" because the detective who allegedly contacted him "seemed to be reading from Plaintiffs' Second Amended Complaint." (Doc. 37-1 at 3). But, even if the investigation is directed at the same underlying facts, the Second Amended Complaint brings causes of action involving trade-secret misappropriation, breach of fiduciary duty, and misuse of confidential business systems and information, all of which involve civil law questions distinct and unrelated to any hypothetical criminal liability.

For example, claims under the federal Defend Trade Secrets Act and Pennsylvania's Uniform Trade Secrets Act involve determinations regarding what information is protected as a trade secret. *See NRA Group, LLC v. Durenleau*, 154 F.4th 153, 170 (3d Cir. 2025). And a claim of breach of fiduciary duty raises the issue of the scope of the duty owed by Defendant. *See Snyder*

*v. Crusader Servicing Corp.*, 231 A.3d 20, 31 (Pa. Super. 2021). While Plaintiffs assert two civil claims under criminal code, a Pennsylvania district attorney would not have jurisdiction to bring charges under these federal statutes. These civil claims are broader than any potential criminal inquiry and undermine Defendant's assertion that the criminal proceedings are somehow identical.

Moreover, Defendant improperly conflates Plaintiffs' use of terms such as "fraudulent" or "unauthorized" with proof of criminal liability. Civil allegations sounding in fraud do not automatically warrant a stay whenever law enforcement expresses interest in the underlying facts.

Accordingly, contrary to Defendant's assertion that "complete overlap" exists here, the scope of the civil proceedings is necessarily distinct from that of the criminal investigation. Given the speculative nature of any overlap here and the distinctly non-criminal issues introduced by the Second Amended Complaint, this factor weighs against a stay.

### B. The Purported Criminal Matter is Speculative and Undefined.

Defendant's motion rests almost entirely on unsupported assertions regarding a purported criminal investigation. Defendant provides no affidavit from law enforcement, no evidence of subpoenas or warrants, no communication from prosecutors, and no indication that charges are imminent. Instead, Defendant relies on the assertion that a detective "seemed to be reading from Plaintiffs' Second Amended Complaint." (Doc. 37-1 at 3). Such speculation cannot support the extraordinary relief Defendant seeks.

District courts in this Circuit routinely deny requests to stay civil cases at the investigative stage of criminal proceedings. *See Andrews*, 2024 WL 7006527 ("Courts tend to grant stays after an indictment is returned, rather than before, because the potential for self-incrimination is greatest post-indictment." (quoting *Dennis*, 603 F. Supp. 3d at 220)). "The risk of self-incrimination" at this juncture "is reduced … due to the uncertainty surrounding when, if ever" charges will be

4

brought following the investigation. *Id.* (quoting *Beckham-Easley*, 2002 WL 31111766, at *2). In contrast to a formal criminal proceeding, an "investigation could potentially continue indefinitely." *Soroush*, 2009 WL 3467897, at *2.

Defendant likens this case to *Walsh Securities*, in which the court concluded that a stay of interrogatory and deposition discovery was warranted though the defendants had not yet been indicted. 7 F. Supp. 2d at 527–28. But there, the government had already executed search warrants and issued subpoenas, and it expressed concern that interrogatory and deposition discovery could harm its investigation. *Id.* at 527. And because that matter involved multiple defendants who had asserted cross-claims against one another, the court recognized that responses to such discovery could reveal their criminal defense strategies to potential codefendants. *Id.*

But, unlike *Walsh Securities*, no comparable circumstances exist here. The fact that the government in *Walsh Securities* had already executed search warrants, issued subpoenas, and expressed concern that civil discovery would interfere with an active criminal investigation made *Walsh Securities* a much stronger case for a partial stay than Defendant's alleged single contact with a detective presented here. No criminal charges have been filed against Defendant and the existence, scope, and trajectory of any investigation remain uncertain. Accordingly, Defendant's reliance on *Walsh Securities* is misplaced and the usual analysis should prevail here: because no charges have been brought, this factor weighs against a stay.

**C. Plaintiffs Will Suffer Meaningful Prejudice From an Indefinite Stay.**

Defendant minimizes the prejudice Plaintiffs would suffer from delay, but the prejudice is substantial. Plaintiffs seek recovery for significant financial losses arising from Defendant's alleged misconduct. A stay would delay discovery, postpone resolution of Plaintiffs' claims, and risk the deterioration of witness memories and evidentiary availability over time.

Most importantly, Defendant seeks a stay of indefinite duration tied to an investigation with no known timeline. At the investigative stage, the "indefiniteness" of when formal proceedings will be initiated represents a burden on Plaintiffs, and courts consistently recognize that such uncertainty weighs heavily against a stay. *Beckham-Easley*, 2002 WL 31111766, at \*3. The fact that Defendant was contacted by a detective gives no indication when, or if, he will ever be charged with a crime.

Defendant also ignores that Plaintiffs are entitled to timely adjudication of their civil claims independent of any criminal process. Civil litigants should not be forced to await the outcome of speculative criminal proceedings before pursuing relief. Staying this matter pending the outcome of an indeterminate investigation would needlessly prevent Plaintiffs from expeditiously pursuing their claims.

### D.  Defendant's Fifth Amendment Concerns Do Not Justify a Blanket Stay.

Defendant argues that proceeding with this case forces him to choose between asserting the Fifth Amendment and defending himself in this action. But courts have repeatedly held that this circumstance, standing alone, does not justify staying a civil case.

Indeed, at present, Defendant faces no imminent deposition, no interrogatories, and no discovery deadlines implicating testimonial concerns. The case remains at the pleading stage. Defendant himself previously challenged Plaintiffs' pleadings through motion practice, and he may continue to litigate legal issues without waiving any constitutional rights.

Although simultaneous criminal and civil proceedings can put defendants to a difficult choice with respect to asserting their Fifth Amendment rights, "it is not unconstitutional to place defendants in this position." *Beckham-Easley*, 2002 WL 31111766, at \*3 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318–19 (U.S. 1976)). And the risk to a defendant before formal criminal

6

proceedings are initiated is "more remote" than for one who has been charged. *Id.* So "where civil defendants are not subject to criminal charges … the inappropriateness of a stay is manifest." *Id.*

Defendant presses that he cannot defend this case without providing information that could later be used against him. (Doc. 37-1 at 5). But the mere existence of an investigation does little to substantiate this risk. Plus, this matter is only at the pleading stage; Plaintiffs expect that, as he did in response to the First Amended Complaint, Defendant will move to dismiss the Second Amended Complaint on legal grounds. (See Doc. 20). No discovery, or even a Rule 16 conference, has taken place, so a deposition is not imminent. At this juncture, the case can proceed without any immediate Fifth Amendment implications.

Moreover, if specific discovery requests later implicate legitimate Fifth Amendment concerns, the Court can address those issues through narrower remedies, including targeted protective orders, phased discovery, or limited objections on a question-by-question basis. Defendant has not shown why the extraordinary remedy of a blanket stay is necessary.

Defendant also fears that invoking his Fifth Amendment privilege here would impair his criminal defense, because Plaintiffs could "seek adverse evidentiary rulings or dispositive relief." (Doc. 37-1 at 5–6). Yet, this is not an "untenable choice," (id.), as "[t]he dilemma of choosing between complete silence and presenting a defense does not fatally infect the right against self-incrimination." *S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 191 (3d Cir. 1994). And a civil defendant's invocation of the privilege poses "substantial problems" for his adversary as well, "who is deprived of a source of information that might conceivably be determinative in a search for truth." *Id.* at 190.

On balance, given the speculative and remote risk of disadvantage to Defendant at the investigative stage, this factor does not support a stay.

### E. The Interests of the Court Favor Proceeding.

This Court has a substantial interest in efficient docket management and avoiding indefinite delays based on speculative criminal exposure. Staying this matter now would effectively place the case in limbo for an unknown period.

"The Court has an interest in managing its caseload with efficiency." *Beckham-Easley*, 2002 WL 31111766, at *3. The "limbo status" where, as here, no criminal charges have been brought, "weighs against a stay, as it is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by" Defendant. *Id.* (internal quotations omitted). Accordingly, this factor favors denial of Defendant's Motion.

### F. The Public Interest Favors Proceeding.

The public also has a strong interest in the prompt resolution of civil disputes and in ensuring that parties accused of civil wrongdoing remain accountable through ordinary litigation processes. Indeed, this Court has recognized that there is a public interest in "the prompt resolution of civil disputes and in not allowing those being investigated for criminal wrongdoing to avoid their civil obligations." *Soroush*, 2009 WL 3467897, at *4. Although the public also benefits from allowing the government to complete investigation uninterrupted, this consideration demands less attention where no charges have been brought. *See Andrews*, 2024 WL 7006527, at *4; *Soroush*, 2009 WL 3467897, at *4.

Defendant raises the prospect of "duplicative proceedings, inconsistent factual determinations, and strategic use of civil discovery to circumvent criminal discovery limitations." (Doc. 37-1 at 6). But without a formal criminal proceeding to narrow the relevant issues, the risk of duplicative proceedings or inconsistent factual determinations is speculative. And "plaintiffs

8

have no right to use civil discovery as a pretext for gathering information useful for the criminal case[]." *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 57 (E.D. Pa. 1980). These considerations do not outweigh the public interest in prompt resolution of this matter.

Moreover, Defendant's suggestion that Plaintiffs seek to use civil discovery to circumvent criminal discovery rules is unsupported and improper. Plaintiffs are pursuing legitimate civil claims for damages arising from Defendant's misconduct. Defendant offers no evidence of improper coordination with law enforcement beyond his own speculation regarding conversations between a detective and unidentified counsel.

## III.    CONCLUSION:

Defendant asks this Court to impose the extraordinary remedy of an indefinite stay based solely on an alleged criminal investigation that may or may not ever result in charges. That is not enough. No indictment has been returned, no criminal proceeding is pending, and Defendant's assertions regarding overlap, prejudice, and coordination with law enforcement remain speculative and unsupported by evidence.

Meanwhile, Plaintiffs are entitled to move forward with their civil claims and obtain timely relief for Defendant's alleged misconduct. Granting a stay under these circumstances would improperly allow Defendant to delay this litigation indefinitely based on nothing more than the possibility of future criminal exposure. Courts in this Circuit consistently reject such requests, particularly where, as here, the case remains in its early stages and any Fifth Amendment concerns can be addressed through narrower, case-specific remedies if they later arise.

9

Because Defendant has failed to carry his heavy burden of establishing that a stay is necessary or justified, Plaintiffs respectfully request that the Court deny Defendant's Motion to Stay Proceedings in its entirety.

Respectfully submitted,

**KLEINBARD LLC**

Dated: May 29, 2026

/s/ Mark E. Seiberling
Mark E. Seiberling, Esquire (No. 91256)
Miranda L. Dang, Esquire (No. 330908)
Patrick Feeney, Esquire (No. 334125)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email: mseiberling@kleinbard.com
mdang@kleinbard.com
pfeeney@kleinbard.com

*Counsel for Plaintiffs Dekeo Inc. and Jiffyshirts.com (US), L.P.*

10

## CERTIFICATE OF SERVICE

I, Mark E. Seiberling, hereby certify that on this 29th day of May, 2026, I served a copy of

the foregoing Memorandum of Law in Opposition to Defendant's Motion to Stay Proceedings, on

counsel for Defendant by the Court's ECF system.

**KLEINBARD LLC**

/s/ Mark E. Seiberling
Mark E. Seiberling, Esquire (No. 91256)
Miranda L. Dang, Esquire (No. 330908)
Patrick Feeney, Esquire (No. 334125)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email: mseiberling@kleinbard.com
mdang@kleinbard.com
pfeeney@kleinbard.com

*Counsel for Plaintiffs Dekeo Inc. and*
*Jiffyshirts.com (US), L.P.*