**UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **DEKEO, INC. et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION NO. 25-cv-6500** |
| **v.** | : | |
| | : | |
| **PETER BRONGO,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT**

Defendant submits this reply in support of its Motion to Dismiss Second Amended Complaint (ECF 45) to address points in Plaintiffs' Brief in Opposition to Defendant's motion (ECF 50) that warrant focused rebuttal: (1) Plaintiffs fundamentally mischaracterized the Separation Agreement's plain language to evade arbitration; and (2) Plaintiffs mischaracterized their own Second Amended Complaint — without addressing the wide factual gap identified in the motion to dismiss — in an effort to salvage their claims under the CFAA.[1]

I.      **The Agreement to Arbitrate Covers All of Plaintiffs' Claims.**

Plaintiffs' argument that the arbitration provision in the Separation Agreement does not apply to Plaintiffs' claims because the separate release provision in the Separation Agreement only benefits Plaintiffs is a non-sequitur. The "Release of Claims" section of the Separation Agreement is at § 5 and appears to be one-sided in favor of Plaintiffs. And the sections that immediately follow – §§ 6-9 – complement the seemingly one-sided language of the release.

---

[1] Defendant respectfully submits that Plaintiffs failed to overcome all of Defendant's arguments and continues to respectfully request that this Court stay this case in its entirety pursuant to the arbitration agreement between the parties, or alternatively, dismiss with prejudice Plaintiffs' Second Amended Complaint.

The separate, independent, and mutual agreement to arbitrate "***ANY DISPUTE BETWEEN THEM***" appears four pages and several sections later at § 18. The first sentence of the agreement to arbitrate clearly encompasses "any and all disputes," not just Defendant's claims against Plaintiffs:[2]

> 18.    ARBITRATION. THE PARTIES AGREE THAT ***ANY AND ALL DISPUTES ARISING OUT OF THE TERMS OF THIS AGREEMENT, THEIR INTERPRETATION, AND ANY OF THE MATTERS HEREIN RELEASED, SHALL BE SUBJECT TO ARBITRATION*** . . ..
>
> \*       \*       \*
>
> ***THE PARTIES HEREBY AGREE TO WAIVE THEIR RIGHT TO HAVE ANY DISPUTE BETWEEN THEM RESOLVED IN A COURT*** OF LAW BY A JUDGE OR JURY.
>
> \*       \*       \*
>
> ***THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION***, INCLUDING, WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS (INCLUDING NEGLIGENCE), BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS.
>
> \*       \*       \*
>
> ***EACH PARTY*** HERETO HEREBY FURTHER WARRANTS AND REPRESENTS THAT SUCH PARTY HAS REVIEWED THIS WAIVER WITH ITS LEGAL COUNSEL, AND ***THAT SUCH PARTY KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS*** FOLLOWING CONSULTATION WITH LEGAL COUNSEL.

---

[2] Given the breadth of the release language, there are very few claims Defendant may even possess, further undermining Plaintiffs' argument that the arbitration agreement only applies to Defendant's potential claims against Plaintiffs.

2

Contrary to Plaintiffs' desperate argument, the arbitration language is not limited to only Defendant's claims against Plaintiffs. Indeed, given that Plaintiffs knew how to limit the release language to only Defendant's claims, Plaintiffs certainly knew how to similarly limit the arbitration language if they wanted to do so. But Defendants did not limit the language, and this Court should not do so now.

Here, the defense that Plaintiffs' claims are subject to the agreement to arbitrate appears on the face of the Complaint and the Separation Agreement that was incorporated by reference. As such, this Court is empowered to resolve the issue under a motion to dismiss standard without awaiting discovery in order to serve the FAA's policy favoring prompt dispute resolution. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013). Critically, "***an agreement to arbitrate a particular dispute 'should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute***.'" *Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000) (*quoting AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986)) (emphasis added).

The plain language of the arbitration clause, which uses language such as "ANY AND ALL DISPUTES" and "ANY OF THE MATTERS HEREIN RELEASED," should be "given broad construction" and construed to reach all disputes with a significant relationship to the Separation Agreement. *Battaglia*, 233 F.3d at 727. Because the Separation Agreement governs Defendant's employment relationship and post-employment obligations to Plaintiffs, all of Plaintiffs' claims fall squarely within the scope of the arbitration provision, as the Complaint is about Defendant's alleged misconduct during his employment and after his termination—but based on his former employment. ***Indeed, Plaintiffs specifically pleaded that Defendant***

***"exploited" the "knowledge of Kata" that he obtained during his employment[3] to engage in the alleged post-employment misconduct, and Plaintiffs are suing Defendant for "breach of fiduciary duty" based on his status as a former employee***.

Plaintiffs' narrow interpretation of the agreement to arbitrate is belied by the plain language of the Separation Agreement, which states: "***THE PARTIES* HEREBY AGREE TO WAIVE THEIR RIGHT TO HAVE *ANY DISPUTE BETWEEN THEM* RESOLVED IN A COURT**" and "**THE SCOPE OF THIS WAIVER IS INTENDED TO BE *ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION***."[4] Plaintiffs' narrow interpretation is also contrary to Third Circuit precedent that such language should be broadly construed and not rejected "''unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000) (*quoting AT&T Technologies, Inc.*, 475 U.S. 643).

Plaintiffs' statutory claims and common law claims all arise directly from the employment relationship and its termination—matters expressly addressed in the Separation Agreement. Indeed, Plaintiffs' claims and the Separation Agreement are premised entirely on Defendant's former employment by Plaintiffs. Accordingly, Defendant's motion should be granted.

---

[3] 2d. Am. Compl. at ¶ 28.

[4] Again, this language is in stark contrast to the one-sided language in the "Release of Claims" section.

**II.    Plaintiffs    Mischaracterized    Their    Pleading    Concerning    Pre-Termination "Unauthorized Access" Under the CFAA.**

Plaintiffs' effort to distinguish this case from the dispositive holding in *Van Buren v. U.S.*, 593 U.S. 374, 141 S. Ct. 1648 (2021) is inconsistent with the facts – or lack thereof – pleaded in the Complaint. The pleaded facts are in utter conflict with Plaintiffs' instant desperate argument that Defendant "lacked access" to the Kata system. Plaintiffs specifically pleaded that Defendant "misused his access to Kata." 2d. Am. Compl. at ¶ 32. Earlier in the Complaint, Plaintiffs specifically pleaded that Defendant's access during employment was to the Kata system:

> 19.    As part of its business, Jiffy maintains and operates an internal e-commerce administration computer system, "Kata," to manage coupons, store credits, product pricing, product-related site content, limited user account functions, and online sales transactions.
>
> 20.    As part of Brogno's job duties, he was granted access to Kata.

***Plaintiffs specifically pleaded that Defendant "misused his access" that allowed him "to manage coupons [and] store credits*.**"

The holding in *Van Buren* is absolutely controlling. The CFAA's "exceeds authorized access" clause "does not cover those who, like Van Buren, have improper motives for obtaining information that is otherwise available to them." *Van Buren*, 593 U.S. at 378-396. Likewise, the CFAA does not cover Plaintiffs' allegations that Defendant "misused his access to Kata." Plaintiffs failed to state a plausible claim under the CFAA related to Defendant's alleged conduct while employed by Plaintiffs.

**III.    Plaintiffs    Also    Mischaracterized    Their    Pleading    Concerning    Post-Termination "Unauthorized Access" Under the CFAA.**

Tellingly, Plaintiffs used the terms "hacked" and "hacking" in their instant response, but never in their actual pleading, which is what controls. Plaintiffs seem to now understand that the

5

CFAA is an anti-hacking statute designed to address unauthorized intrusions into computer systems, not ordinary workplace misconduct or breaches of use policies. *Van Buren v. U.S.*, 593 U.S. 374, 141 S. Ct. 1648 (2021); *U.S. v. Nosal*, 676 F.3d 854 (9th Cir. 2012). But Plaintiffs' use of those terms now does not fix the factual deficit in Plaintiffs' Complaint. Nowhere in Plaintiffs' Complaint do they allege any facts whatsoever to support hacking by Defendant. Rather, Plaintiffs merely pleaded:

23.    Upon termination, Dekeo immediately revoked all of Brogno's rights to access Kata, and any other internal Jiffy computer system or network.

24.    Although Brogno was terminated, Brogno continued to access Kata remotely without Dekeo's authorization.

As set forth in *Van Buren*, the touchstone is whether Defendant obtained information from computer areas to which his authorization did not extend—a technological, not purpose-based, limitation. *Van Buren*, 593 U.S. at 376. As such, "absent evidence of code-based hacking, the CFAA does not countenance claims premised on a breach of workplace computer-use policies by current employees." *NRA Grp., LLC v. Durenleau*, 154 F.4th 153, 169 (3d Cir. 2025). Plaintiffs alleged no hacking; just that Defendant accessed the system after Plaintiffs claim to have revoked his access.

Additionally, Plaintiffs' conclusory allegation that "Dekeo immediately revoked all of Brogno's rights to access" is insufficient to plausibly plead a claim under the CFAA because authorization ends only when the employer takes affirmative steps to revoke it. *U.S. v. Eddings*, 161 F.4th 199, 205-206 (3d Cir. 2025). The employer must take concrete action—such as revoking credentials or blocking access—to rescind authorization. *Id*. The Third Circuit held that the employee's access did not violate the CFAA because "her employer had not taken a single step to rescind her permission to use it." *Id*. at 201.

Here, Plaintiffs alleged no facts to support an inference that Defendant circumvented any technological barriers to access the Kata system before or after his termination. Plaintiffs alleged nothing more than that Defendant "misused his access," that they then "revoked" his access (without ever elaborating what "revoked" even means), and that Defendant nonetheless accessed the system. The controlling law does not permit any claims under the CFAA—or any trade secret statutes or common law—for the alleged conduct.

## CONCLUSION

For the reasons set forth in Defendant's motion to dismiss, and for the reasons set forth above, because of the agreement to arbitrate, this Court lacks subject matter jurisdiction. Further, Plaintiffs' instant response did not adequately refute Defendant's arguments that Plaintiffs have failed to plead facts supporting all of their statutory and common-law causes of action. Defendant's motion to dismiss should be granted.

Respectfully submitted,

**WISLER PEARLSTINE, LLP**

*/s/ Brian R. Elias*
**BRIAN R. ELIAS, ESQUIRE**

*Attorneys for Defendant*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Defendant's Reply in Support of Motion to Dismiss Second Amended Complaint was served via the Court's electronic filing system upon all counsel of record.

**WISLER PEARLSTINE, LLP**

*/s/ Brian R. Elias*
Brian R. Elias

*Attorneys for Defendant*