**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEKEO, INC., et al., *Plaintiffs*, v. PETER BROGNO, *Defendant*. | Civil Action No. 2:25-CV-6500 |

**ORDER**

AND NOW, this ________ day of __________________, 2026, upon consideration of Plaintiffs' Motion for Leave to File Sur-Reply Brief in Further Opposition to Defendant's Motion to Dismiss (ECF No. 45), it is hereby **ORDERED** that the Motion is **GRANTED**, and the Court will accept, consider, and deem filed Plaintiffs' Sur-Reply Brief, which is attached to Plaintiffs' Motion for Leave as Exhibit A.

BY THE COURT:

___________________________
MIA R. PEREZ, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEKEO, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PETER BROGNO,<br><br>*Defendant*. | Civil Action No. 2:25-CV-6500 |

**PLAINTIFFS' MOTION FOR LEAVE**
**TO FILE SUR-REPLY BRIEF IN FURTHER**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to the Section III(A) of the Honorable Mia Perez's Policies and Procedures, Plaintiffs Dekeo, Inc. ("Dekeo") and Jiffyshirts.com (US) ("Jiffy"), L.P. (together, "Plaintiffs") respectfully submit this Motion for Leave to File Sur-Reply Brief in Further Opposition to Defendant Peter Brogno's ("Brogno") Motion for Dismiss (ECF No. 45). Good cause exists to grant this Motion because Plaintiffs' proposed Sur-Reply Brief, which is attached hereto as Exhibit A, responds to material factual and legal misstatements made by Defendant in his Reply Brief in Support of Motion to Dismiss (ECF No. 52).

In particular, Plaintiffs' proposed Sur-Reply Brief addresses the following three points that warrant the Court's consideration.

*First*, Brogno continues to mischaracterize the Separation Agreement and Release (the "Separation Agreement") as a mutual release. The proposed Sur-Reply Brief corrects this factual misstatement and provides additional authority

demonstrating why Brogno's interpretation of the Separation Agreement is legally incorrect.

*Second*, Brogno misconstrues Plaintiffs' argument regarding the Computer Fraud and Abuse Act's application to his pre-termination conduct. Plaintiffs do not claim that Brogno lacked authorization access to the Kata system. Rather, Plaintiffs allege that he exceeded his authorized access by generating discount codes and store credits that he was not authorized to create for his own personal benefit.

*Third*, Brogno's insistence that his alleged post-termination conduct does not constitute code-based hacking either ignores the well-pleaded allegations of the Second Amended Complaint or improperly asks the Court to apply a heightened pleading standard. Plaintiffs have specifically alleged that after his employment ended and his authorized access had been revoked, Brogno continued to access the Kata system though unauthorized means, giving rise to a reasonable inference of that he circumvented Plaintiffs' security measures to regain access, i.e., hacking.

WHEREFORE, Plaintiffs respectfully request that this Court grant them leave to file a Sur-Reply Brief and deem the proposed Sur-Reply Brief attached hereto as Exhibit A as filed.

Respectfully submitted,

**KLEINBARD LLC**

Dated: August 5, 2026

/s/ Mark E. Seiberling
Mark E. Seiberling, Esquire (No. 91256)
Miranda L. Dang, Esquire (No. 330908)
Patrick Feeney, Esquire (No. 334125)
Three Logan Square, 5th Floor
1717 Arch Street

Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email: mseiberling@kleinbard.com
mdang@kleinbard.com
pfeeney@kleinbard.com

*Counsel for Plaintiffs Dekeo Inc.*
*and Jiffyshirts.com (US), L.P.*

# CERTIFICATE OF SERVICE

I, Mark E. Seiberling, hereby certify that on this 5th day of August 2026, I served a copy of the foregoing Motion for Leave to File Sur-Reply Brief in Further Opposition to Defendant's Motion to Dismiss with Exhibit A, on counsel for Defendant by the Court's ECF system.

**KLEINBARD LLC**

Dated: August 5, 2026

/s/ Mark E. Seiberling

Mark E. Seiberling, Esquire (No. 91256)
Miranda L. Dang, Esquire (No. 330908)
Patrick Feeney, Esquire (No. 334125)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email: mseiberling@kleinbard.com
mdang@kleinbard.com
pfeeney@kleinbard.com

*Counsel for Plaintiffs Dekeo Inc. and Jiffyshirts.com (US), L.P.*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEKEO, INC., et al., *Plaintiffs*, v. PETER BROGNO, *Defendant*. | Civil Action No. 2:25-CV-6500 |

**PLAINTIFFS' SUR-REPLY BRIEF IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Dekeo, Inc. ("Dekeo") and Jiffyshirts.com (US) ("Jiffy"), L.P. (together, "Plaintiffs") respectfully submit this Sur-Reply Brief in order to make the following three (3) points in response to Defendant Peter Brogno's ("Brogno") Reply Brief in Further Support of his Motion to Dismiss (ECF No. 52).

*First*, Brogno goes to great pains to simultaneously overread, oversimplify, and mischaracterize the Separation Agreement in an effort to portray it as a mutual release and thereby advance the argument that Plaintiffs' claims against Brogno fall within the scope of its arbitration provision. But the plain language and structure of the Separation Agreement do not support that interpretation. *See Stornawaye Properties, Inc. v. Moses*, 76 F.Supp.2d 607, 610 (E.D. Pa. 1999) (quoting *Vaughn v. Didizian*, 648 A.2d 38, 40 (Pa. Super. 1994) ("The courts of Pennsylvania have traditionally determined the effect of a release using the ordinary meaning of its language and interpreted the release as covering only such matters as can fairly be

said to have been within the contemplation of the parties [sic] when the release was given.").

The Separation Agreement's "Recitals" make the parties' purpose and intentions clear: the Separation Agreement is intended to "resolve any and all disputes, claims, complaints, grievances, charges, actions petitions, and demands that the *Employee may have against the Company*[.]" Def. Mot. at Ex. A, 1 (emphasis added). Likewise, Section 5 ("Release of Claims") further highlights the parties' intentions to release only claims that may be brought by *Employee* against the Company. *See id.* at 2. Section 5 does not include any language that requires Plaintiffs to release any claims they possess or may have against Brogno. *See McKeon v. City of Asbury Park*, 2020 WL 5747886 (N.J. Sep. 25, 2020) (rejecting plaintiff's argument that all settlement agreements include an implied mutual release because the settlement agreement did not contain any language requiring defendants to release any claims against plaintiff).

Because the Separation Agreement does not release claims that may be brought by Plaintiffs against Brogno, Plaintiffs' claims are not controlled by the Arbitration Clause within the Separation Agreement. Brogno nevertheless asks this Court to read the Arbitration Clause in a vacuum. Indeed, Brogno's assertion that the Arbitration Clause constitutes a "separate, independent and mutual agreement to arbitrate 'any dispute between them'" ignores the well-established principle that contracts must be construed as a whole. (ECF No. 52 at 2). When read together with the "Recitals" and Section 5 ("Release of Claim"), the scope of the Arbitration Clause

is properly understood as being limited to the arbitration of claims that may be brought by Brogno—not affirmative claims later asserted by Plaintiffs. As such, it can be said with "positive assurance that the arbitration clause is not susceptible of an interpretation that covers" the disputes asserted by Plaintiffs. *See Battaglia v. McKendry*, 233 F.3d 720, 727 (3d Cir. 2000) (quoting *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986)).

Accordingly, the Court must allow Plaintiffs' claims to proceed in this forum because they unequivocally fall outside the scope of the Separation Agreement's arbitration provision.

*Second*, in maintaining that *Van Buren v. United States*, 593 U.S. 374 (2021), bars Plaintiffs' pre-termination claim under the Computer Fraud and Abuse Act ("CFAA"), Brogno misconstrues Plaintiffs' argument. Plaintiffs do not contend that he categorially "lacked access to the Kata system." (ECF No. 52 at 5). Rather, they allege that he exceeded his authorized access by generating coupon codes and store credits through Kata that he was not otherwise authorized to create. (ECF No. 34 ¶ 32). He thereby "obtained information located in [a] particular area[] of the computer … that [was] off limits to him," *Van Buren*, 593 U.S. at 396.

Beyond just accessing information for the wrong or improper reason, Brogno is alleged to have *generated* information that he was not authorized to access or obtain. (ECF No. 34 ¶ 32). This affirmative act to advance past the zone of his Kata permissions to files containing new coupon codes and store credits is a step further than what *Van Buren* encountered. There, the defendant was alleged to have

obtained license information which his credentials allowed him to access. *Van Buren*, 593 U.S. at 380. The Court held that the CFAA "does not cover those who, like Van Buren, have improper motives for obtaining information that is otherwise available to them." *Id.* at 378. Here, unlike the defendant in *Van Buren*, the files containing new coupon codes and store credits were not otherwise available or accessible to Brogno: he had to generate them. Because he was not entitled to do so, he exceeded the scope of his authorized access within the meaning of the CFAA. *See* 18 U.S.C. § 1030(a)(4). Therefore, Plaintiffs have adequately stated a claim under the CFAA based on Brogno's pre-termination conduct.

*Third,* Brogno's argument that Plaintiffs have not pleaded facts supporting an inference that he circumvented technological barriers to access Kata after his termination is belied by the allegations of the Second Amended Complaint. Plaintiffs specifically allege that "[u]pon termination, Dekeo immediately revoked all of Brogno's rights to access Kata." (ECF No. 34 ¶ 23). This allegation is not, as Brogno suggests, a conclusory one—revoking access is a concrete, factual act. And because Brogno is alleged to have nonetheless continued to access Kata after this revocation, *see id.* at ¶¶ 23–31, the Second Amended Complaint necessarily creates a reasonable inference that he accessed the Kata system through unauthorized technological means after his access credentials had been revoked. This allegation represents more than "a mere violation of a workplace computer-use policy," which "should not create a claim under the CFAA." *NRA Grp., LLC v. Durenleau*, 154 F.4th 153, 167 (3d Cir.

2025). Brogno no longer worked for Plaintiffs, and they revoked his access. To continue accessing Kata, he must have circumvented a technological barrier.

Brogno's argument suggests that Plaintiffs must plead the precise technical mechanism by which his access was revoked and the precise method by which he regained access to the Kata system. But Rule 8 imposes no such heightened pleading requirement. At this stage, Plaintiffs need only allege facts giving rise to a plausible inference that Brogno accessed Kata after his authorization had been revoked. The Second Amended Complaint does precisely that. As a result, Plaintiffs' allegations of post-termination access are also legally sufficient under the CFAA.

Accordingly, for all the foregoing reasons and for those reasons stated in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss in its entirety.

**KLEINBARD LLC**

Dated: August 5, 2026

/s/ Mark E. Seiberling
Mark E. Seiberling, Esquire (No. 91256)
Miranda L. Dang, Esquire (No. 330908)
Patrick Feeney, Esquire (No. 334125)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email: mseiberling@kleinbard.com
mdang@kleinbard.com
pfeeney@kleinbard.com

*Counsel for Plaintiffs Dekeo Inc.*
*and Jiffyshirts.com (US), L.P.*

## CERTIFICATE OF SERVICE

I, Mark E. Seiberling, hereby certify that on this 5th day of August 2026, I served a copy of the foregoing Sur-Reply Brief in Further Opposition to Defendant's Motion to Dismiss on counsel for Defendant by the Court's ECF system.

**KLEINBARD LLC**

Dated: August 5, 2026

/s/ Mark E. Seiberling

Mark E. Seiberling, Esquire (No. 91256)
Miranda L. Dang, Esquire (No. 330908)
Patrick Feeney, Esquire (No. 334125)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Email: mseiberling@kleinbard.com
mdang@kleinbard.com
pfeeney@kleinbard.com

*Counsel for Plaintiffs Dekeo Inc. and Jiffyshirts.com (US), L.P.*